# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| SERENA ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:22-cv-758–HEH |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
### (Granting in Part Plaintiff's Motion for Attorney Fees and Denying Plaintiff's Motion to Strike)

THIS MATTER is before the Court on Plaintiff Serena Anderson's ("Plaintiff") Motion for Attorney Fees (ECF No. 85) filed on April 2, 2024, and Motion to Strike Ford Motor Co.'s Opposition to Serena Anderson's Motion for Attorney Fees and Costs (the "Motion to Strike," ECF No. 98), filed on May 5, 2024. The parties have filed extensive memoranda in support of their respective positions, and the Court heard oral argument on June 13, 2024. Following the hearing, the Court ordered supplemental briefing on whether Plaintiff is entitled to prejudgment interest in this case. (Suppl. Br. Order at 1, ECF No. 108.) Plaintiff filed her supplemental brief (ECF No. 109) on June 19, 2024, and Ford filed its supplemental brief (ECF No. 110) on June 21, 2024.

For the reasons that follow, the Court will grant in part Plaintiff's Motion for Attorney Fees and will deny Plaintiff's Motion to Strike.

## I. BACKGROUND

Plaintiff purchased a custom 2021 Vacationer 36F from General R.V. Center, Inc., on May 26, 2021, for $190,103.00. (Am. Compl. ¶ 4, ECF No. 45.) Defendant Ford Motor Company ("Ford") manufactured the motorhome's chassis, and REV Recreation Group, Inc. ("REV") manufactured the motorhome's "house." (*Id.*) Plaintiff experienced a litany of issues with her motorhome which required repairs. (*See id.* ¶¶ 5–15.) She sought repairs at authorized locations in California, Texas, Florida, Virginia, and Oregon. (*See id.*) However, none of the facilities were able to fix the issues. (*See id.*)

Plaintiff filed suit in Hanover Circuit Court on November 2, 2022. (Notice of Removal ¶ 1, ECF No. 1.) REV then removed the case to this Court on December 9, 2022. On March 19, 2024, the parties executed a Receipt and Release, agreeing to a settlement in this case. (*See* Ex. 2 to Mem. in Opp'n, ECF No. 94.) The Receipt and Release states that "[t]he above referenced payment by REV resolves all matters between [Plaintiff] and REV, including any claim for attorneys' fees and costs, for which [Plaintiff] and REV shall bear their own." (*Id.* at 2.) It also states: "Ford Motor Company agrees that [Plaintiff] is the prevailing party under the Virginia Motor Vehicle Warranty Enforcement Act and entitled to attorneys' fees and costs for [Plaintiff's] claims. Ford Motor Company agrees that the reasonable amount of these fees and costs will be determined by the Court." (*Id.*) Pursuant to a Stipulation of Dismissal (ECF No. 83), the Court dismissed REV as a defendant in this case on March 29, 2024. (Order

at 1, ECF No. 84.) The Court must now determine the attorneys' fees and costs to which Plaintiff's counsel is entitled.

## II. MOTION FOR ATTORNEY FEES

Virginia adheres to the American Rule for attorneys' fees, which provides that a party must generally bear its own attorneys' fees. *See Ranger v. Hyundai Motor Am.*, 885 S.E.2d 156, 159 (Va. 2023) (citations omitted). The Virginia Motor Vehicle Warranty Enforcement Act (Va. Code § 59.1-207.9, *et seq.*), also known as Virginia's "Lemon Law," allows "a consumer [to] receive a replacement motor vehicle, or a full refund, for a motor vehicle which cannot be brought into conformity with the express warranty issued by the manufacturer." *Id.* § 59.1-207.10. Virginia's Lemon Law provides that "[a]ny consumer who is successful in such an action . . . shall recover reasonable attorney's fees, expert witness fees and court costs incurred by bringing such actions." *Id.* § 59.1-207.14. Recovery of fees pursuant to a statutory provision is limited only to fees incurred in the litigation of the specific statutory claim, "not causes of action created by other statutes or by common law." *Sidya v. World Telecom Exch. Commc'ns, LLC*, 870 S.E.2d 199, 207 (Va. 2022).

Under Virginia law, the movant must "'establish, as an element of the attorney's *prima facie* case, that the fees charged are . . . reasonable.'" *Peter Farrell Supercars, Inc. v. Monsen*, 82 F. App'x 293, 300 (4th Cir. 2003) (quoting *Seyfart, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. P'ship*, 480 S.E.2d 471, 473 (Va. 1997)). "When determining if the party has met that burden, 'the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services

3

rendered, and other attending circumstances.'" *Id.* (quoting *Mullins v. Richlands Nat'l Bank*, 403 S.E.2d 334, 335 (Va. 1991)). "A court should 'weigh the testimony of attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying it to their own experience and knowledge of the character of such services.'" *Id.* (quoting *Holmes v. LG Marion Corp.*, 521 S.E.2d 528, 533 (1999).

First, Ford does not contest Plaintiff's counsels' hourly rates. Blake Huddleston, Esquire charges $250 per hour. (*See* Ex. 1 to Mem. in Supp. of Fees at 1, ECF No. 86-1.) In Plaintiff's Supplemental Brief (ECF No. 109), filed after the hearing on the Motion for Attorney Fees, Plaintiff's counsel, James B. Feinman, Esquire, clarified that his hourly rate is as follows: $500 per hour prior to July 18, 2024, and $550 per hour after July 18, 2024. (Pl.'s Suppl. Br. at 3.) At the June 13, 2024 hearing, the Court awarded Mr. Feinman $78,897 in attorneys' fees. (Minute Entry at 1, ECF No. 106.) However, the Court awarded this amount based on a rate of $550 per hour. Thus, the Court will amend the amount of attorneys' fees in which Plaintiff's counsel is entitled based on these corrected rates.

Additionally, the Court finds that Plaintiff's counsels' hourly rates are reasonable in the Richmond market. (*See* Ex. 2 to Mem. in Supp. of Fees ¶¶ 19–20, ECF No. 86-2 (declaring that Harris D. Butler, III, Esquire, of Butler Curwood, PLC, believes that Mr. Feinman's hourly rate is reasonable based on his expertise and the Richmond area)); *see Blum v. Stevenson*, 465 U.S. 886, 895 (1984) (finding that reasonable fees "are to be calculated according to the prevailing market rates in the relevant community").

4

Next, the Court turns to the amount of attorneys' fees and costs recoverable. Plaintiff seeks $127,392.50 in attorneys' fees and $798.08 in costs under the fee-shifting provision of Virginia's Lemon Law. (Mem. in Supp. of Fees ¶ 25, ECF No. 86.) Plaintiff asserts that her counsel is entitled to this amount based on the time and effort expended, the nature and complexity of the case, and the value of the services rendered and the results obtained. (*Id.* ¶¶ 6–16; 20–21.) She also asserts that her counsels' fees are consistent with recent awards for similar services in both federal and state cases. (*Id.* ¶¶ 17–19.) Finally, she asks the Court to "consider an appropriate enhancement for a difficult case well done with an excellent result." (*Id.*) Ford agrees that Plaintiff's counsel is entitled to attorneys' fees, but seeks to reduce the fees that: (1) are unrelated to the prosecution of her Lemon Law claim; (2) were incurred for claims against other Defendants; (3) were related to Ford's Motion to Strike (ECF No. 32); (4) are vague and lack adequate documentation; and (5) relate to the litigation of attorneys' fees. (Mem. in Opp'n at 4–19, ECF No. 96.)

In this case, Plaintiff only prevailed on her Lemon Law claim. Thus, her recovery of attorneys' fees and costs is limited to this claim, and the Court will exclude all unrelated time entries, including entries involving non-meritorious claims and entries involving other Defendants.[1] *See Manchester Oaks Homeowners Ass'n, Inc. v. Batt*, 732 S.E.2d 690, 702 (Va. 2012) ("[I]n an action encompassing several claims, the prevailing

---

[1] The Court also notes that, in the Receipt and Release, the parties expressly agreed that the payment by REV "includ[ed] any claim for attorneys' fees and costs, for which [Plaintiff] and REV shall bear their own." (Ex. 2 to Mem. in Opp'n at 2.)

5

party is entitled to an award of costs and attorneys' fees only for those claims for which . . . the party has prevailed."); *see also Sines v. Kessler*, No. 3:17-cv-72, 2023 WL 2388050, at *9 (W.D. Va. Mar. 7, 2023) (finding that a plaintiff may only collect attorneys' fees from a defendant "who has been found liable to the plaintiff on the underlying claim for which the fee award is authorized") (citations omitted). Moreover, Plaintiff's counsel is not entitled to attorneys' fees on all claims merely because they are intertwined or related. Rather, counsel is only entitled to fees on successful claims which are vested with an independent statutory or contractual right to recovery. *Hair Club for Men, LLC v. Ehson*, No. 1:16-cv-236, 2017 WL 1250998, at *5 (E.D. Va. Apr. 3, 2017) (compiling cases); *see Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 49–50 (Va. 2006) (rejecting the argument that the plaintiff was entitled to attorneys' fees on all counts because the counts were "intimately intertwined and depended upon a common factual basis"); *see also Couch v. Manassas Autocars, Inc.*, No. 62623, 2008 WL 8201041, at *2 (Va. Cir. Ct. 2008) ("A party is not entitled to recover fees for work performed on claims which do not allow for attorney's fees.").

Ford urges the Court to implement a 30% reduction of Plaintiff's attorneys' fees because it is unclear which time entries were devoted to the non-meritorious claims. (Mem. in Opp'n at 10.) The Court declines to impose this blanket reduction. However, the Court limits Plaintiff's recovery to only her Lemon Law claim, which results in the following reduction: 20.45 hours at the rate of $500 for Mr. Feinman, 38.25 hours at the rate of $550 for Mr. Feinman, and 0.85 hours at the rate of $250 for Mr. Huddleston. *See Peter Farrell Supercars*, 82 F. App'x at 300 (affirming the district court's award of

6

attorneys' fees which reduced "almost one-third of fees" as duplicative or unrelated to the fee-shifting claim).

The Court also reduces time entries that are vague. "The fee applicant bears the burden of demonstrating the reasonableness of its fee request, . . . and of providing sufficient detail in [his] records to explain and support [his] requests for fees and costs." *Wells Fargo Com. Distrib. Fin., LLC v. Shore Saw & Mower, Inc.*, No. 2:23-cv-100, 2023 WL 5153723, at *3 (E.D. Va. Aug. 10, 2023) (internal quotations and citations omitted). Here, there is one time entry that is vague and must be reduced. This entry merely states: "citizenship documents." (Ex. 1 to Pl.'s Mem. in Supp. of Fees at 1.) Based on this entry, the Court is unable to ascertain whether the associated fee is reasonable, and the requested fees will be reduced as follows: 1.15 hours at the rate of $500 for Mr. Feinman, and 0.55 hours at the rate of $250 for Mr. Huddleston.

Additionally, the Court excludes hours that were not reasonably expended. On May 25, 2023, the Court granted Plaintiff's Motion for Leave to Amend Complaint (ECF No. 24), allowing Plaintiff to add another Defendant and an additional claim against Ford. (Order at 1, ECF No. 27.) Plaintiff then filed a Proposed Amended Complaint (ECF No. 31) that included claims against Ford that the Court did not grant leave to add. Because Plaintiff failed to abide by this Court's Order, the Court granted Ford's Motion to Strike Plaintiff's Proposed Amended Complaint (ECF No. 32) and required Plaintiff to file a corrected Amended Complaint. (Mem. Order at 3–4, ECF No. 44.) It is not appropriate for Plaintiff to recover fees related to Plaintiff's own errors and failure to follow the Court's Order. If Plaintiff had initially adhered to the Court's Order, the

7

related time entries would not exist. Thus, the Court finds this time unreasonable and unnecessary, and reduces the requested fees by 13.4 hours at the rate of $500 for Mr. Feinman.

The Court will also reduce unnecessary time entries. For example, on May 5, 2023, Mr. Feinman billed 1.75 hours for "[r]eviewing Order of Judge Col[o]mbell transferring case to Judge Speight. Research regarding Judge Speight." (Ex. 1 to Pl.'s Mem. in Supp. of Fees at 2.) The Court does not believe that reviewing a one (1) paragraph Order (ECF No. 23) amounts to 1.75 hours, nor does the Court believe it is proper to bill a client for researching a Judge. There are multiple other similar instances. Thus, the Court reduces 3.0 hours at the rate of $500 for Mr. Feinman, and 1.4 hours at the rate of $550 for Mr. Feinman.

Similarly, the Court reduces duplicative billing. While Plaintiff's counsel is entitled to recover attorneys' fees for litigating the issue of attorneys' fees, *see Denton v. Browntown Valley Assocs., Inc.*, 803 S.E.2d 490, 498 (Va. 2017), counsel is not entitled to recover entries that are redundant, which includes reviewing documents, records, files, and research in order to calculate his time for actions that he already billed for. Counsel may only recover fees once. Accordingly, the Court excludes 6.75 hours at the rate of $550 for Mr. Feinman.

Regarding recoverable costs, Ford does not appear to contest Plaintiff's counsel's request for $798.08 in costs. (*See* Mem. in Opp'n at 19.) However, at the June 13, 2024 hearing, Plaintiff's counsel additionally requested $481.40 to cover his hotel stay before the hearing. (*See* Pl.'s Suppl. Br. at 4, ECF No. 109.) Ford objects to this additional cost

8

because "counsel's overnight trip to Richmond was unreasonable and unnecessary." (Ford's Suppl. Br. at 5, ECF No. 110.) The Court agrees. The Court held a hearing on Plaintiff's Motion for Attorney Fees at the request of Plaintiff's counsel. Counsel chose to stay in a hotel the night before the 10:00 a.m. hearing, despite the fact that his office is approximately a two (2) hour drive away. Thus, the Court believes the cost of the hotel is unreasonable and unnecessary and will only award $798.08 in costs.

Finally, for the first time, Mr. Feinman requested prejudgment interest at the hearing. (*See* Minute Entry at 1, ECF No. 106.) Plaintiff seeks interest based on *Daly v. Hill*, 790 F.2d 1071 (4th Cir. 1986), and *Ohio River Valley Env't Coal., Inc. v. Green Valley Coal Co.*, 511 F.3d 407 (4th Cir. 2007), due to the delay in payment of attorneys' fees in this case. (Pl.'s Suppl. Br. at 1–3.) Ford opposes the request for interest for three (3) reasons: (1) Plaintiff waived her right to seek prejudgment interest; (2) Plaintiff failed to address the balancing of equities which is required to award prejudgment interest; and (3) this case is distinguishable from *Daly* and *Green Valley Coal Co.* (Ford's Suppl. Br. at 1–5.)

Under Virginia law, "although the award of prejudgment interest is discretionary, it is still part of the actual damages sought to be recovered." *Devine v. Buki*, 767 S.E.2d 459, 468 (Va. 2015) (internal quotations and citation omitted). "As such, prejudgment interest, like other damages, must be requested in a pleading before it can be awarded by a trial court." *Id.* (citation omitted). Plaintiff failed to request prejudgment interest in either her original Complaint or her Amended Complaint. (*See* Compl. at 12, ECF No. 1-4; Am. Compl. at 15–16.) Therefore, Plaintiff cannot obtain prejudgment interest. *See*

9

*Johnson v. Robert Shields Interiors, Inc.*, No. 1:15-cv-820, 2016 WL 2739270, at *10 (E.D. Va. May 11, 2016) (holding an award of prejudgment interest was inappropriate because the plaintiff did not ask for prejudgment interest in her request for relief).

Additionally, in Plaintiff's supplemental brief, she requested that her counsel receive additional compensation for "4.65 hours in researching, drafting, and revising this supplemental briefing." (Pl.'s Suppl. Br. at 4.) However, the supplemental briefing was limited only to prejudgment interest. (*See* Suppl. Br. Order at 1.) Even so, Plaintiff's counsel did not include appropriate documentation of his billing. Thus, the Court will not award additional fees.

In Plaintiff's response (ECF No. 111) to Ford's supplemental brief, she incorporated a "Motion to Alter or Amend" under Rule 59(e). (*Id.* ¶¶ 3–15.) This is not a proper vehicle to raise such a motion, and, therefore, the Court will not consider Plaintiff's arguments. *See* E.D. VA. LOC. CIV. R. 7(F).

In sum, considering the supplemental briefs and Mr. Feinman's adjusted hourly rates, the Court now awards $75,965 for Mr. Feinman's reasonable fees and $2,300 for Mr. Huddleston's reasonable fees, for a total of $78,265.

### III. MOTION TO STRIKE

Plaintiff seeks to strike Ford's Opposition to Plaintiff's Motion for Attorney Fees (ECF No. 96) because Ford did not ultimately disclose an expert witness. (*See* Mem. in Supp. of Mot. to Strike ¶ 4, ECF No. 99.) On April 15, 2024, the Court granted Ford ten (10) additional days to file its opposition to gather information, draft its brief, and retain an expert. (Order at 1–2, ECF No. 91.) Ford timely filed its opposition on April 26,

2024, but did not disclose an expert witness. However, the Court's Order did not require Ford to retain an expert. (*See id.*) Rather, the Court provided Ford additional time to prepare, draft, and "try[]" to retain an expert. (*Id.* at 1.) Thus, for these reasons, and for the reasons stated on the record, the Court will deny Plaintiff's Motion to Strike.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Attorney Fees (ECF No. 85) will be granted in part and Plaintiff's Motion to Strike (ECF No. 98) will be denied. Ford will be ordered to pay Plaintiff's counsel $78,265 in attorneys' fees[2] and $798.08 in costs, for a total of $79,063.08.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: August 6, 2024
Richmond, Virginia

---

[2] To the extent Plaintiff requests an "enhancement for a difficult case well done with an excellent result," the Court declines such an enhancement because the Court's award of fees adequately compensates Plaintiff's counsel in this case. (Mem. in Supp. of Fees ¶ 25.)